UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

IRA JEROME ROSS                                         CIVIL ACTION

VERSUS                                                  NO. 21-496-BAJ-RLB

FEDERAL BUREAU OF INVESTIGATION

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on August 3, 2022.

　　　　　　　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　　　　RICHARD L. BOURGEOIS, JR.
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **IRA JEROME ROSS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-496-BAJ-RLB** |
| **FEDERAL BUREAU OF INVESTIGATION** | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction, Failure to State a Claim, Insufficient Service of Process, and Lack of Personal Jurisdiction. (R. Doc. 6). The motion is opposed. (R Doc. 7). Defendant filed a Reply. (R. Doc. 8).

**I.    Background**

Ira Jerome Ross ("Plaintiff" or "Ross"), who is proceeding *pro se*, commenced this mandamus action against the Federal Bureau of Investigation ("FBI") under 28 U.S.C. § 1361, which provides a district court with "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." (R. Doc. 1).[1] Ross specifically claims that the FBI violated his Equal Protection rights under 42 U.S.C. § 1981 and the Fourteenth Amendment of the U.S. Constitution, causing irreparable injury when it failed to perform its "statutory duty to investigate and make arrest[s] in East Baton Rouge Parish in a number of criminal complaints" submitted by Ross between 2019 and 2021 against Burns & Co. Inc. Realtors ("Burns Realtors"). (R. Doc. 1 at

---

[1] The United States Court of Federal Claims "has previously determined that, while incarcerated, Mr. Ross has filed at least three complaints that were dismissed as frivolous, malicious, or for failure to state a claim, and that Mr. Ross is therefore barred from proceeding *in forma pauperis* under the three-strikes provision of the Prison Litigation Reform Act." *Ross v. United States*, No. 20-410, 2020 WL 1873322, at *1 (Fed. Cl. Apr. 14, 2020) (citing *Ross v. United States*, No. 19-1175 (order dated Sept. 4, 2019) (listing cases); *see also* 28 U.S.C. § 1915(g)). Ross, who remains incarcerated at the Allen Correction Center in Kinder, Louisiana, paid the required filing fee when commencing this action.

1

4, 7). Ross seeks a court order requiring the FBI to file criminal charges against Burns Realtors for "embezzling both his ownership rights in the corporation and his $14 million dollar home" in Baton Rouge, Louisiana. (R. Doc. 1 at 4, 9). Ross specifically argues that the FBI failed "to perform their official and statutory duty to investigate and makes arrest[s], based on evidence, [of] employees" at Burns Realtors under 28 U.S.C. § 533.[2] (R. Doc. 1 at 8).

Ross has filed a "Notice" to notify the Court and the FBI of purported additional evidence in support of the proposed criminal investigation. (R. Doc. 9).

The FBI seeks dismissal of this action under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of standing; under Rule 12(b)(6) for failure to state a plausible claim for mandamus relief or violations of the Equal Protection Clause of the Fourteenth Amendment or 42 U.S.C. § 1981; under Rule 12(b)(5) and Rule 4(m) for insufficient service; and under Rule 12(b)(2) for lack of personal jurisdiction. (R. Doc. 6). In opposition, Ross does not raise any arguments in support of a finding of Article III standing (i.e., Constitutional standing), though he argues in support of a finding of statutory standing under 28 U.S.C. § 533. (*See* R. Doc. 7 at 2-3). In its reply, the FBI clarifies that it is seeking dismissal for lack of Article III standing under Rule 12(b)(1), and dismissal for lack of statutory standing under Rule 12(b)(6). (R. Doc. 8 at 2).

As discussed below, because the Court concludes that Ross has not, and cannot, establish Article III standing, this action is subject to dismissal without prejudice for lack of subject matter jurisdiction. Accordingly, the Court does not reach the FBI's remaining arguments in support of dismissal.

---

[2] Among other things, this statute provides the U.S. Attorney General authority to "appoint officials . . . to detect and prosecute crimes against the United States." *See* 28 U.S.C. § 533(1).

2

**II.    Law and Analysis**

"Federal courts have limited jurisdiction, and a claim is properly dismissed for lack of subject matter jurisdiction when the court lacks statutory or constitutional power to adjudicate the claim." *Crawford v. U.S. Dep't of Homeland Sec.*, 245 Fed. App'x 369, 374 (5th Cir. 2007) (citing *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)). A motion to dismiss filed pursuant to Rule 12(b)(1) "allow[s] a party to challenge the subject matter jurisdiction of the district court to hear a case." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The district court may base its determination as to its subject matter jurisdiction on: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Id.* "The burden of establishing subject matter jurisdiction in federal courts rests on the party seeking to invoke it." *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). The Court must dismiss an action if at any time it determines it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

Under Rule 12(b)(1), a claim is "'properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate' the claim." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012) (quoting *Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)). A court should consider a Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits. *Id.* (citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied*, 536 U.S. 960 (2002)). Considering a Rule 12(b)(1) motion prior to reaching the merits first "prevents a court without jurisdiction from prematurely dismissing a case with prejudice." *FEMA*, 668 F.3d at 286-87 (citing *Ramming*, 281 F.3d at 161). "This practice also

3

prevents courts from issuing advisory opinions. *Crenshaw-Logal v. City of Abilene, Tex.*, 436 F. App'x 306, 308 (5th Cir. 2011) (citing *Steel Co. v Citizens for a Better Env't*, 523 U.S. 83, 101 (1998).

Article III standing is a "threshold question in every case; '[i]f a party lacks standing to bring a matter before the court, the court lacks jurisdiction to decide the merits of the underlying case.'" *Cataldie v. Seaside Healthcare Sys., LLC*, No. 19-195, 2020 WL 1433538, at *2 (M.D. La. Mar. 23, 2020) (quoting *United States v. AVX Corp.*, 962 F.2d 108, 113 (1st Cir. 1992)). "Article III, § 2, of the Constitution extends the 'judicial Power' of the United States only to 'Cases' and 'Controversies.'" *Steel Co.*, 523 U.S. at 102. The Supreme Court has interpreted "cases" and "controversies" to refer to those types of disputes "traditionally amenable to, and resolved by, the judicial process." *Id.* (citing *Muskrat v. United States*, 219 U.S. 346, 356-357 (1911)). "Standing to sue is part of the common understanding of what it takes to make a justiciable case." *Steel Co.*, 523 U.S. at 102 (citing *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990)).

To establish the Constitutional minimum required for Article III standing, plaintiffs must show (1) that they suffer an "injury in fact," *i.e.*, "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical"; (2) that the injury is "fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court"; and (3) that it is "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992) (citing cases) (internal punctuation removed). "When the suit is one challenging the legality of government action or inaction, the nature and extent of facts that must be averred (at the summary judgment

4

stage) or proved (at the trial stage) in order to establish standing depends considerably upon whether the plaintiff is himself an object of the action (or forgone action) at issue." *Lujan*, 504 U.S. at 561. When, as here, the plaintiff's "asserted injury" arises from the government's inaction with respect to a third party, standing is "ordinarily substantially more difficult to establish." *Id*. at 562 (internal quotation marks removed).

The Supreme Court has consistently held "that a citizen lacks standing to contest the policies of [a] prosecuting authority when he himself is neither prosecuted nor threatened with prosecution." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (citing *Younger v. Harris*, 401 U.S. 37, 42 (1971); *Bailey v. Patterson*, 369 U.S. 31, 33 (1962); *Poe v. Ullman*, 367 U.S. 497, 501 (1961)). That is because "in American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Id*. (affirming dismissal for lack of standing where the mother of an illegitimate child sought to enjoin local district attorney from refraining to prosecute the father of the child for failure to provide child support). Consistent with the foregoing, the Fifth Circuit has held that an alleged victim of rape and sexual assault lacked Article III standing to sue a district attorney for his failure to investigate and prosecute her alleged assailant notwithstanding allegations that the practice violated the plaintiff's Equal Protection rights under the Fourteenth Amendment. *Lefebure v. D'Aquilla*, 15 F.4th 650 (5th Cir. 2021), *cert. denied*, 142 S. Ct. 2732 (2022); *see also Del Marcelle v. Brown Cnty. Corp.*, 680 F.3d 887, 901 (7th Cir. 2012) (en banc) (Easterbrook, C.J., concurring) (crime victims are "not entitled to an order requiring arrest or prosecution of [their assailants], or to damages because of public officials' decision not to do so") (collecting cases).

Here, Ross seeks relief with respect to the FBI's alleged failure to investigate his criminal complaints and bring charges against a third party. Even if Ross views himself as an alleged

5

victim of the purported illegal acts committed by Burns Realtors, he nevertheless has failed to establish that he has Article III standing to challenge of the FBI's decision not to investigate or prosecute the alleged crime. *See Linda R.S.*, 410 U.S. at 619; *Lefebure*, 15 F.4th at 654; *see also Edwards v. Best Buy Co.*, No. 19-3316, 2021 WL 4399562, at *5 (D.D.C. Sept. 27, 2021) (plaintiff lacked Article III standing to challenge the FBI's alleged inaction by failing to investigate the alleged illegal activities of a federal district court), *aff'd*, No. 20-5370, 2022 WL 566484 (D.C. Cir. Feb. 22, 2022).

Based on the foregoing, this action is subject to dismissal without prejudice for lack of subject matter jurisdiction under Rule 12(b)(1) because Ross lacks Article III standing to bring his lawsuit in federal court. Because the action is subject to dismissal without prejudice for lack of subject matter jurisdiction under Rule 12(b)(1), the Court need not address the FBI's arguments for lack of personal jurisdiction and insufficient service of process under Rule 12(b)(5) and Rule 4(m).[3] Furthermore, the Court may not reach the FBI's arguments seeking dismissal on the merits under Rule 12(b)(6). *See Cano v. Garcia*, No. 21-50742, 2022 WL 1548671 (5th Cir. May 16, 2022) (where a plaintiff lacks standing to bring a failure-to-investigate claim, the district court must dismiss the case without prejudice); *see also B & D Plumbing Co., Inc. v. Finley*, No. 18-38, 2019 WL 303007, at *1 (M.D. La. Jan. 23, 2019) ("Because the Court finds that Plumbing Contractors have failed to sufficiently plead facts which give rise to Article III standing, the Court does not reach the Board's motion pursuant to Rule

---

[3] Under certain circumstances, a federal court has the discretion to address personal jurisdiction before subject matter jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 588 (1999) ("Where . . . a district court has before it a straightforward personal jurisdiction issue presenting no complex question of state law, and the alleged defect in subject-matter jurisdiction raises a difficult and novel question, the court does not abuse its discretion by turning to personal jurisdiction."); *see also Sangha v. Navig8 ShipManagement Private Limited*, 882 F.3d 96, 100-101 (5th Cir. 2018) ("[W]e hold that the district court did not abuse its discretion in resolving the issue of personal jurisdiction before establishing whether subject-matter jurisdiction existed."). Because the Court has already determined that this action is subject to dismissal without prejudice for lack of subject matter jurisdiction, it need not reach the issue of personal jurisdiction.

6

12(b)(6) in this ruling."); *Joiner v. Dep't of Just. on Behalf of Dir.*, No. 15-00861, 2016 WL 3568165, at *4 (M.D. La. June 24, 2016) (dismissing claims without prejudice brought against federal defendants under Rule 12(b)(1), without reaching Rule 12(b)(6) arguments, where the plaintiff lacked Article III standing to challenge the constitutionality of the Patriot Act).

### III.  Conclusion

Based on the foregoing,

**IT IS RECOMMENDED** that Defendant's Motion to Dismiss (R. Doc. 6) be **GRANTED** pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of Article III standing, and Plaintiff's claims be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

Signed in Baton Rouge, Louisiana, on August 3, 2022.

　　　　　　　　　　　　　　　　　　　　　　　
　　　　　　　　　　　　**RICHARD L. BOURGEOIS, JR.**
　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**